K. CHIKE ODIWE, ESQ. (SBN 315109)
LAW OFFICES OF KENNETH C. ODIWE, PC
2880 Zanker Road Suite 203, PMB 1689
San Jose, CA 95134
Telephone: (669) 315-4431
Facsimile: (669) 315-4431
kenneth@kennethodiwelaw.com

Attorney for Plaintiff
JOEY CARRIZALES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE "JOEY" CARRIZALES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; VISHVDEEP GIRI, individually and in his official capacity as an officer for the Vallejo Police Department; and DOES 1-25, inclusive, individually, jointly, and severally,<br><br>Defendants. | CASE NO:<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C §§ 1983; and pendent tort claims)<br><br><u>JURY TRIAL DEMANDED</u> |

## **INTRODUCTION**

1.    This case arises out of the Vallejo Police Department's unconstitutional use of force and false imprisonment against Joey Carrizales, a respected advocate for the unhoused community. On July 31, 2023, multiple officers from the Vallejo Police Department, without cause or legal justification, violently arrested Carrizales and caused him to suffer a heart attack.

2.    This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive and unreasonable force used during Plaintiff's arrest.

## JURISDICTION AND VENUE

3.    This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Vallejo, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.  Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

4.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

5.    Plaintiff JOSE "JOEY" CARRIZALES (hereinafter "Plaintiff") has been and is a resident of California and a United States Citizen.

6.    Defendant VISHVDEEP GIRI (hereinafter "Defendant Giri"), was an officer for the Vallejo Police Department, and is sued individually and in his official capacity.

7.    Defendant CITY OF VALLEJO (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Stockton Police Department and its tactics, methods, practices, customs and usage. At all relevant times,

Defendant City was the employer of Defendant DOES Defendants, individually and as peace officers.

8. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25 inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff is required to comply with an administrative tort claim requirement under California Government Code Section 910. Plaintiff submitted a claim under the CA Tort Claims Act on January 29, 2024. Defendants did not respond to Plaintiff's California Tort Claims Act within forty-five ("45") days. As such, Plaintiffs claim was presumptively rejected. Plaintiff has exhausted all administrative remedies pursuant to California law.

## GENERAL ALLEGATIONS

10. On the afternoon of July 31, 2023, at approximately 1:00 p.m., 63-year-old Plaintiff was protesting the illegal eviction/displacement of unhoused campers being conducted by the Vallejo Police Department. Plaintiff is a well-known local advocate for the unhoused community.

11. Dozens of unhoused Vallejo residents are long term canoers that have lived next to the Smart and Final, in Vallejo, California, for several years. The campers, including seniors and children, were being displaced onto the street without an offer for resources or housing, in

violation of state law and local ordinances. Plaintiff was standing in the front of a tow truck to protest the department's illegal eviction/displacement.

12.    Defendant Giri (Badge 752) asked Plaintiff to move, and Plaintiff declined to move. Defendant Giri told Plaintiff to put his hands behind his back and told him that he was being arrested for delaying and obstructing an officer. Plaintiff complied and placed his hands behind his back.

13.    Defendant Giri has been employed by the Vallejo Police Department since 2019 and became a patrol officer in 2021. Other, yet to be identified Vallejo Police Officers were on scene.

14.    Defendant Giri walked Plaintiff to the rear passenger door of his Vallejo PD patrol SUV.  Plaintiff notified Defendant Giri that he wanted to exercise his 5th Amendment right to remain silent and wanted to speak to an attorney.

15.    Prior to getting into the patrol car, Plaintiff notified Defendant Giri that he recently had open heart surgery and the tight handcuffs were causing his chest pain and putting tension on his fresh surgical scar. Defendant Giri opened the car door and attempted to forcefully push the elder into the back seat. Plaintiff verbally protested his rough and unwarranted treatment. Defendant Giri ignored Plaintiff, slammed the door, and walked away.

16.    Once inside the patrol SUV, Plaintiff noticed the air conditioner was not on and the window was only slightly cracked open, on a warm July afternoon. Almost immediately Plaintiff began to sweat in the hot car, which was exacerbated by his overtightened handcuffs and strained surgical wound. Plaintiff's mouth became very dry and he was concerned for his health. Plaintiff called out to notify officers that he needed assistance and water but nobody responded.

17.   Plaintiff's pain began to increase and he called out for assistance again, requesting water on three separated occasions. Two additional, yet-to-be identified Vallejo Police Department also responded to the car and refused to provide Plaintiff any water or assistance. Plaintiff remained in the back seat, in the custody of the Vallejo Police Department and unable to summon medical care for himself.  He remained in the car for at least 20 minutes. At this time, Plaintiff was located approximately two blocks from Kaiser Hospital and 6 blocks from Sutter Hospital.

18.   Defendant Giri got into the driver's seat and began to drive Plaintiff, without even securing him in a seatbelt. Plaintiff again notified Defendant Giri that he was not feeling well and needed medical and needed medical attention. Instead of driving to the hospital located two blocks ahead, or the street they were literally parked on, Defendant Giri proceeded to drive away from the hospital and headed towards downtown Vallejo.

19.   During the drive, Plaintiff explicitly told Defendant Giri that he needed medica; attention. Defendant Giri told Plaintiff no. Defendant Giri told Plaintiff he was headed to the Vallejo Police Department so they could wait for another detainee, who was going to ride with them to the Solano County Jail, in Fairfield.

20.   Once they arrived at the police department, Plaintiff made an explicit demand for medical attention. Instead of calling an ambulance or transporting Plaintiff to the emergency room, Defendant Giri told Plaintiff that the Jail nurse would decide if he needed medical attention whenever they got to the jail.

21.   Plaintiff waited at the police station inside of the hot car, without water or medical attention. Instead of helping Plaintiff, Defendant Giri removed him from the patrol car twice to search him. During the second search, Defendant Giri violently dug his fingers into the center of

Plaintiff's chest, right on his open-heart surgery wound, causing intense pain and protest from Plaintiff. Plaintiff told Officer Giri he was hurting him, but the vindictive officer did not respond. Defendant Giri pushed Plaintiff back into the car. Plaintiff's pleas were ignored, and he was left to suffer and fight for his life.

22.     The female detainee finally arrived, and Defendant Giri transported her and Plaintiff to Solano County Jail, in Fairfield, California. Defendant Giri was driving at a very high rate of speed.

23.     When they arrived at the jail Plaintiff again reported his symptoms. The Solano County Jail nurse took one look at Plaintiff and directed Defendant Giri to take him to the emergency room immediately. Defendant Giri told the nurse that they would be back in 90 minutes, again disregarding the severity of the elder's medical crisis.

24.     Once again, the officer did not secure Plaintiff in a seatbelt and drove off erratically. Plaintiff yelled for the officer to slow down and watch his speed, but his pleas were ignored. Plaintiff was afraid for his life as the officer angrily maneuvered the car.

25.     Plaintiff finally arrived at the hospital around 4:30 p.m., hours after the first time he complained of pain, thirst and requested medical attention. Plaintiff was admitted to the hospital. In a loud, angry voice, Defendant Giri told Plaintiff to lay down so that the elder could be handcuffed to the bed. Defendant Giri tightly secured Plaintiff's wrist tightly to the hospital bed. Plaintiff again complained of pain and requested the cuffs be slightly loosened. Defendant Giri again ignored Plaintiff.

26.     Plaintiff was notified by the doctor that he suffered a heart attack. He was required to stay in the hospital for three days for observation. Plaintiff's heat attack was the direct result of Defendant Giri's refusal to take Plaintiff to the hospital despite multiple requests

over a prolonged period. Plaintiff is now required to take extra medication, to treat the heat attack he suffered because of Defendant Giri's acts and omissions.

27.     No charges were filed against Plaintiff for his baseless arrest.

28.     At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

29.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the First and Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financial injured and damaged as a proximate result of Defendants' wrongful conduct.

30.     Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) if he is the prevailing party in this action under 42 U.S.C §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. § 1983 and 1988.

## FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution – Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(against Defendants Giri and DOES 1-25)**

31.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this complaint.

32.     Defendants shall be liable to an injured party whose rights are violated under the rights secured by the United States Constitution. Under the United States Constitution, citizens have constitutionally protected rights, including, but not limited to the right to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution – Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against Defendants Giri and DOES 1-25)**

33.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

34.    42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

35.    Plaintiffs had a firmly-established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the United States Constitution-Denial of Medical Care)**
**(Against Defendants Giri and DOES 1-25)**

36.    Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint.

37.    Despite repeatedly requesting medical treatment and care due to the injuries Plaintiff sustained as a result of the excessive force employed by Defendants, Defendants refused

to timely summon medical care for Plaintiff thereby implicitly insisting that Plaintiff cruelly continue to suffer mental, physical and emotional pain.

38.     The denial of medical care by Defendants deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures and to receive medical care, as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39.     As a result of the foregoing, Plaintiff suffered and continues to suffer great physical pain and emotional distress, including loss of full function and/or use of his arms, and loss of wages and earning capacity.

40.     Defendants knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

41.     The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

42.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**FOURTH CAUSE OF ACTION**
**(Violation of the First Amendment of the United States Constitution – Questioning Police Action)**
**(42 U.S.C. § 1983)**
**(Against Defendants Giri and DOES 1-25)**

43.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 of this Complaint.

44.     At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

45.     Defendants interfered with Plaintiff's right to free speech and to protest police action when Defendant DOE officers used excessive force against Plaintiff in retaliation for Plaintiff merely asking the officers for the scope of the search warrant. Additionally, the officers violated Plaintiff's right to question police action when they detained her.

46.     The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

47.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Violation of Bane Act CALIFORNIA CIVIL CODE §52.1)**
**(Against Defendants City, Giri, and DOES 1-25)**

48.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 of this Complaint.

49.     Civil Code Section 52.1 authorizes suit against anyone who by threats, intimidation, or coercion interferes with the exercise or enjoyment of rights secured by the state or federal Constitutions or laws without regard to whether the victim is a member of a protected class. Civil Code section 52(a) provides for damages up to three times actual damages but a minimum of $4,000 for each violation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
(Negligence)
**(Against Defendants City, Giri, and DOES 1 - 25)**

50.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51.    The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City.  As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

52.    Defendants acted negligently in their search and seizure of Plaintiff and in their conduct committed against Plaintiff.

53.    Plaintiff was harmed and Defendants' negligence was a substantial factor in causing his harm.

54.    Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
(Assault)
**(Against Defendants City, Giri, and DOES 1 - 25)**

55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 of this Complaint.

56.     Defendants acted with intent to cause harmful or offensive contact or threatened to touch Plaintiff in a harmful or offensive manner. Plaintiff reasonably believed that he was about to be touched in a harmful or offensive manner.  Moreover, it reasonably appeared to Plaintiff that defendants were about to carry out the threat.  Plaintiff did not consent to defendants' harmful contact. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHT CAUSE OF ACTION
**(Battery)**
**(Against Defendants City, Giri, and, DOES 1 - 25)**

57.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 of this Complaint.

58.     Defendants acted with intent to cause harmful or offensive contact or threatened to touch Plaintiff in a harmful or offensive manner.  Plaintiff reasonably believed that he was about to be touched in a harmful or offensive manner.  Moreover, it reasonably appeared to Plaintiff that defendants were about to carry out the threat.  Plaintiff did not consent to defendants' harmful contact. The battery occurred when defendants contacted and harmed Plaintiff. Defendants' conduct was a substantial factor in causing plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(False Imprisonment)**
**(Against Defendants City, Giri, and DOES 1 - 25)**

59.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 of this Complaint.

60.    Defendant intentionally deprived Plaintiff of his freedom of movement by use of physical force.

61.    The restraint compelled Plaintiff to stay somewhere for some appreciable time, however short.

62.    Plaintiff did not knowingly or voluntarily consent.

63.    Plaintiff was actually harmed.

64.    Defendant's conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**TENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotion Distress)**
**(Against Defendants City, Giri, and DOES 1 - 25)**

65.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64 of this Complaint.

66.    Defendants' conduct as described herein was outrageous.

67.    Defendants intended to cause Plaintiff emotional distress.

68.    Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

69.    Plaintiff suffered severe emotional distress from Defendants' harassment.

70.    Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

71.    Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

72.    The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.    For general damages according to proof;

2.    For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.    For punitive damages and exemplary damages in amounts to be determined according to proof as to the individual defendants and DOES 1 through 25 and/or each of them;

4.    Any and all permissible statutory damages;

5.    For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.    For cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.

Dated: April 30, 2025                                **Law Offices of Kenneth C. Odiwe, PC**


                                        /s/ *K. Chike Odiwe*
                                        K. Chike Odiwe
                                        Attorney for Plaintiff